and has been maintained and operated for the benefit of plaintiff. While the railroad may derive some incidental revenue therefrom, its direct object is the beneficial service of plaintiff; its use is private and not public. If ended, it cannot be regained, for neither the railroad nor plaintiff could then cross defendant's land except without his consent. In re Grade Crossing Coms., 207 N. Y. 52–58, 100 N. E. 714. It is a valuable easement which is appurtenant to plaintiff's property. Parsons v. Johnson, supra. The railroad stands ready to continue the service if permitted, but it is met by defendant's demands and the order of July 25, 1912. Enforcement of such order would deprive plaintiff of its easement and inflict irreparable injury to its property and business. Under such circumstances, the matter is one between these parties and one in which plaintiff is entitled to protection by injunction against the destruction of its rights by defendant. Troy, etc., R. R. v. Boston, etc., R. R., 86 N. Y. 107–127. Neither is the action premature. A serious injury to plaintiff is threatened and has been to some extent accomplished. Its right to the use of the switch tracks without hindrance or condition of any kind has been assailed by defendant and its railroad service thereby discontinued. That it has been enabled to secure its temporary resumption by the giving of a bond is no answer to its complaint; such a requirement cannot be justly made of it. Flood v. Van Wormer, 147 N. Y. 284, 41 N. E. 569.

[4] That plaintiff can have no adequate remedy at law seems likewise evident upon the case as a whole, but defendant's suggestion to the contrary has not had especial attention for the reason that such defense is not affirmatively pleaded. Converse v. Sickles, 16 App. Div. 49, 44 N. Y. Supp. 1080.

Judgment is directed for plaintiff, with costs. Proposed findings may be submitted to me for signature.

---

### KAUFMAN v. KAUFMAN (two cases).

(Supreme Court, Appellate Division, Third Department. July 8, 1913.)

1. HUSBAND AND WIFE (§ 278*)—SEPARATION AGREEMENTS—VALIDITY.

Where at the date of a separation agreement, although the relations of the husband and wife were very much strained, they were occupying the apartments provided by the husband for their joint use and occupancy, and the wife was performing her usual duties in the management of her household affairs, the agreement, although it recited that the parties were living separate, was in fact one for a separation, and not one based upon a previously existing separation, and hence was invalid.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 1046–1053; Dec. Dig. § 278.*]

2. HUSBAND AND WIFE (§ 279*)—SEPARATION AGREEMENTS—CANCELLATION—RESTORATION OF CONSIDERATION.

That the amount paid a wife by the husband under a separation agreement was more than adequate for her support up to the time she obtained an order from the court for the payment of alimony, and that she had not satisfactorily accounted for such amount, did not prevent the court declaring the agreement invalid in a suit by the wife because made when the parties were living together, but the judgment would provide that the wife still had some portion of the amount paid her in

order that this fact might be taken into consideration in any future proceedings on her part against her husband.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 1054, 1056–1060; Dec. Dig. § 279.*]

3. DIVORCE (§ 37*)—GROUNDS—ABANDONMENT.

Where a wife sought a separation from her husband, and left his home only after she had received from him under a separation agreement a sum more than sufficient for her support up to the time she sued for a separation, there was no such abandonment of her by the husband as entitled her to a decree of separation.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 27, 107–134, 136–138; Dec. Dig. § 37.*]

Appeal from Special Term, Rensselaer County.

Two actions by Anna Kaufman against John Kaufman, one to set aside a separation agreement and one for a decree of separation. From the judgment, plaintiff appeals. Affirmed.

The opinion of Cochrane, J., at Special Term was as follows:

[1] The agreement of separation dated August 19, 1910, contains the recital that the plaintiff "now is and for some time past has been living separate and apart from her husband." Such recital, however, is contrary to the fact. Undoubtedly after August 11, 1910, the relations of the parties were very much strained, but they continued to occupy the apartments provided by the defendant for their joint use and occupancy. Plaintiff as the sole member of her husband's household performed her usual duties in the management of the household affairs. No separation had in fact taken place prior to the execution of the agreement in question such as the law contemplates as a necessary prerequisite to the validity of such an agreement. The separation and the agreement were practically simultaneous. The one was the consideration for the other. Without the one the other would not have occurred. The agreement in fact was one for a separation and not one based upon a previously existing separation. The negotiations which resulted in the execution of the agreement were transpiring during a large portion of the intervening time after August 11th, with a view to the plaintiff leaving her husband's home, and she did so leave and the actual separation in fact occurred only after she received the $1,500 specified in the agreement. Within all recent authorities on this subject, the agreement in question cannot be upheld.

[2] Although the $1,500 is inadequate for the continued support of plaintiff, it was more than adequate for her support up to the time when the defendant under an order of the court began to pay her alimony. The disposition of this money has not been satisfactorily accounted for by plaintiff. I do not think, however, that this fact should stand in the way of the court declaring the agreement invalid because the parties were living together when it was executed. Furthermore, full justice may be done to both parties by a provision in the judgment in the action to set aside the agreement that plaintiff still has some portion of the $1,500, and such fact may be taken into consideration in any future proceeding on her part against her husband. See Galusha v. Galusha, 138 N. Y. 272, 284, 33 N. E. 1062.

No grounds exist for a judgment of separation. The alleged acts of cruelty are denied. Plaintiff is uncorroborated in any important particular, and has failed to sustain the burden of proof. From a careful consideration of the facts and observation of the parties at the trial, I am convinced that neither is entirely blameless for the unhappiness which has entered their lives. But the charges of cruelty and inhuman treatment by the defendant have not been sustained by a preponderance of evidence.

[3] Neither can a separation be adjudged because of abandonment. Plaintiff sought the separation and left her husband's home only after she had received from him the sum of $1,500, which as previously stated is more than

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sufficient for her proper support up to the time when she instituted the action for separation, taking into consideration all the circumstances. This does not constitute abandonment. Powers v. Powers, 33 App. Div. 126, 53 N. Y. Supp. 346. The rights of the plaintiff in the future must depend on her willingness to resume her duties and obligations as the wife of the defendant in his household and upon his willingness in return to properly support and provide for her in his home in accordance with his station in life and his ability to provide a suitable home for her.

In the action to set aside the separation agreement, plaintiff may have judgment to be settled on notice, but in view of the fact that she has not accounted for all the $1,500 no costs are allowed. In the action for a separation, the complaint is dismissed, without costs.

Argued before SMITH, P. J., and KELLOGG, LYON, HOW-ARD, and WOODWARD, JJ.

Wilder, Ewen & Patterson, of New York City (Clifford S. Bostwick, of New York City, of counsel), for appellant.

Charles I. Webster, of Troy, for respondent.

PER CURIAM. Judgment unanimously affirmed, with costs on the opinion of Cochrane, J., at Special Term.

---

### BUTTERLY v. DEERING.

(Supreme Court, Appellate Division, Second Department. July 25, 1913.)

JURY (§ 28*)—RIGHT TO JURY TRIAL—WAIVER—REFERENCE—STIPULATION.

Where plaintiff moved for a reference to hear and determine issues, and defendant consented that a reference might be ordered, whereupon the motion was granted and a referee appointed, and a judgment rendered on the referee's report was reversed by the Appellate Division and a new trial granted, the court should order a retrial before the same or another referee, as provided by Code Civ. Proc. § 1011; plaintiff having no right, after such reversal, to the submission of issues to a jury.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 176–196; Dec. Dig. § 28.*]

Appeal from Special Term, Kings County.

Action by James N. Butterly against James A. Deering. From an order denying plaintiff's motion for trial of issues raised by the answer to a jury, he appeals. Affirmed.

See, also, 138 N. Y. Supp. 1109.

Argued before JENKS, P. J., and BURR, CARR, RICH, and STAPLETON, JJ.

George W. Wingate, of Brooklyn, for appellant.

William N. Dykman, of Brooklyn, for respondent.

PER CURIAM. In this action the plaintiff moved for the appointment of a referee to hear and determine the issues. On the return day of the motion, the defendant appeared in court by counsel, who in open court consented to an order of reference. The court thereupon granted the motion and appointed a referee to hear and determine the issues. After a trial before the referee, judgment was entered in favor of the plaintiff. This judgment was reversed in this court and a new trial granted; a majority of the court being of opinion that the